10-0904-cv
Hijazi v. Permanent Mission of Saudi Arabia to the United Nations

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand ten.

PRESENT: DENNIS JACOBS,
                                        <u>Chief Judge</u>,
              JOSEPH M. McLAUGHLIN,
              PIERRE N. LEVAL,
                                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
GULNAR HIJAZI,
          <u>Plaintiff-Appellant</u>,

          -v.-                                          10-0904-cv

PERMANENT MISSION OF SAUDI ARABIA TO
THE UNITED NATIONS,
          <u>Defendant-Appellee.</u>
- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Martha McBrayer, Morelli Ratner
                        PC, New York, New York.

FOR APPELLEE:           John M. Aerni (Angela M.
                        Papalaskaris and Margaret A.
                        Keane <u>on the brief</u>), Dewey &
                        LeBoeuf LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Gulnar Hijazi appeals from a judgment of the district court dismissing her complaint for lack of subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-11 ("FSIA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Hijazi was employed, during the relevant time period, as an Advisor to the Permanent Mission of Saudi Arabia to the United Nations. Hijazi brought suit alleging that she was subjected to sexual harassment, discrimination based on her gender and national origin, and unlawful retaliation. See N.Y. Exec. Law § 290 et seq.; N.Y.C. Admin. Code § 8-101. Hijazi contends that the dismissal of her complaint was error because the Saudi Mission is not entitled to immunity pursuant to the "commercial activity" exception to the FSIA. 28 U.S.C. § 1605(a)(2).

As the parties agree, the Saudi Mission is a foreign sovereign within the meaning of the FSIA. Hijazi bears the "burden of going forward with evidence showing that, under the exceptions to the FSIA, immunity should not be granted." In re Terrorist Attacks on Sept. 11, 2001, 538 F.3d 71, 80 (2d Cir. 2008), abrogated on other grounds by Samantar v. Yousuf, 130 S. Ct. 2278, 2286 (2010). This Court "review[s] the district court's factual findings for clear error and its legal conclusions de novo." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 249 (2d Cir. 2000). "[W]e must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiff[]." J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).

Hijazi argues that the immunity issue turns on her duties as an employee, which she contends were primarily clerical, making her employment by the Mission "private or commercial in character." Saudi Arabia v. Nelson, 507 U.S. 349, 360 (1993) (holding court *lacked* jurisdiction under FSIA to entertain suit by American employee of Saudi Arabian

2

hospital because action was not based on a commercial activity). The Saudi Mission argues that the immunity issue turns on the actions that the foreign state performs, and not on the particular duties of a plaintiff employee. See Kato v. Ishihara, 360 F.3d 106, 111 (2d Cir. 2004). We need not resolve this dispute because we affirm under either formulation of the jurisdictional inquiry.

It is undisputed that Hijazi attended and took notes at diplomatic meetings, conducted research, wrote memoranda, and, on one occasion, spoke on behalf of the Mission. Her duties were thus in service of the Mission's governmental function. With respect to the activities of the Saudi Mission, it is clear that its activities are governmental and not commercial in nature. See Anglo-Iberia Underwriting Mgmt. Co. v. P.T. Jamsostek, 600 F.3d 171, 175-78 (2d Cir. 2010) (declining to "look only to the fact of employment for purposes of our 'commercial activity' analysis" because doing so "would allow the exception to swallow the rule of presumptive sovereign immunity codified in the FSIA").

Accordingly, we conclude that the district court properly dismissed Hijazi's complaint for lack of subject matter jurisdiction. See Nelson, 507 U.S. at 363.

Having considered all the arguments raised on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK